UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KATHY EMERY,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.
a foreign corporation

    Defendant.
_____/

Case No.:

**08-22590-CIV-HOEVELER/GARBER**

FILED by ___IG___ D.C.
ELECTRONIC

**SEPT 18, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**COMPLAINT**

COMES NOW, Plaintiff, Kathy Emery, by and through undersigned counsel hereby files her Complaint against the Defendant, AMERICAN AIRLINES, INC., and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, *et seq*. (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### II. PARTIES

2. Plaintiff, Kathy Emery, is a resident of Miami, Florida. Defendant, American Airlines, Inc. (hereinafter "American Airlines") is a foreign corporation doing business in Florida with its principal place of business in Fort Worth, Texas. American Airlines is the insurer and administrator of the plan at issue in this cause.

### III. FACTS

3. At all times material to this action there was in full force and effect an insurance plan for long-term term disability benefits under the American airlines, Inc.

1

Pilot Fixed Retirement Benefit Plan ("long-term plan") constituting binding contracts of insurance between the parties.

4. The purpose of the long-term plan was to compensate Ms. Emery a percentage of her salary in the event that she became disabled pursuant to the plan documents.

6. Ms. Emery was employed at American Airlines as a Pilot since September 1992, and was an eligible plan participant of the long-term plan at all times material to this action.

7. Ms. Emery suffers from numerous disabling conditions, including but not limited to, depression, anxiety, attention deficit disorder, mood disorder, NOS, and optical strabismus that prevent her from performing the essential duties of her occupation.

8. Ms. Emery has been unable to perform the duties as a cockpit crew member at all times material to this claim; she is disabled under the terms of the long-term plan.

9. Ms. Emery has been found disabled by the Social Security Administration and receives Social Security Disability Income benefits.

10. In accordance with the procedures established by the long-term plan, Ms. Emery notified the Defendant that she was disabled under the terms of the plan.

11. Ms. Emery's physicians have consistently communicated to the Defendant that Ms. Emery is totally disabled from performing her duties as a cockpit crew member.

12. In recognition of Ms. Emery's disability that prevents her from acting as a cockpit crew member, the Defendant paid Ms. Emery long-term disability benefits effective March, 2003. The Defendant also referred Ms. Emery for treatment to Ricardo Suarez, Ph.D.

13. After acknowledging Ms. Emery's disability from acting as a cockpit crew member by authorizing payment of long-term disability benefits, without any medical evidence to the contrary, and without any change in Ms. Emery's illness, the Defendant terminated her long-term disability benefits effective January 31, 2007.

14. By letter dated March 3, 2007, Ms. Emery requested plan documents relative to the long-term plan and all documentation and records relative to her claim for long-term disability benefits.

15. Ms. Emery appealed Defendant's decision to terminate her long-term disability benefits.

16. Despite Ms. Emery's permanent total disability, documented by voluminous medical records, including those of Dr. Suarez, demonstrating she is prevented from acting as a cockpit crew member, the Defendant finally denied Ms. Emery's claim in a letter dated October 22, 2007.

17. Ms. Emery filed her claim as soon as possible and followed all reasonable procedures established by the Defendant.

18. In making the decision to deny Ms. Emery's benefits, the Defendant employed a tactic of evaluating claimants' illnesses disjointedly, consciously ignoring the comorbidity of claimants' diseases in order to avoid payment of disability benefits.

19. In making the decision to deny Ms. Emery's benefits, the Defendant deemphasized or ignored the consistent opinions and reports of Ms. Emery's treating physicians favoring her claim for disability benefits, including Dr. Suarez, and instead emphasized one false and unreliable medical report by its medical evaluator favoring a conclusion to the contrary.

3

20. The decision to deny Ms. Emery benefits was arbitrarily and capriciously made by the Defendant based upon a company policy of the Defendant to prematurely terminate payment of long-term disability benefits, saving the Defendant money by extorting favorable lump settlements to remove claimants from the companies' books.

21. The denial of Ms. Emery's claim was a breach of the terms of the long-term plans under which Ms. Emery was covered and a breach of the Defendant's fiduciary responsibilities and duties owed to Ms. Emery.

22. In denying the Plaintiff's claim, the Defendant is guilty of bad faith, has been stubbornly litigious, and has caused the Plaintiff unnecessary trouble, expense, and emotional distress. Moreover, the Defendant's actions were intentional, willful, malicious, in bad faith, and reflect an entire want of care, which raises the presumption of conscience indifference to the consequences of the acts of the Defendant, especially in light of its inherent conflict of interest. The actions of the Defendant were done with the specific intent to harm the Plaintiff, Kathy Emery.

### IV.   COUNT I: PLAN BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. Plaintiff is entitled to certain benefits of the plan consisting of past due long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated, pursuant to 29 U.S.C. §1132(a)(1)(B).

24. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the plan;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

25. The Defendant has refused to pay the benefits sought by Ms. Emery, ignoring the medical records and clear opinions of the physicians who have personally treated her.

### V. COUNT II: FAILURE TO PROVIDE PLAN DOCUMENTS IN VIOLATION OF SECTION 502(c)(1) OF ERISA

Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein and says further that:

26. Defendant violated Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B) by failing and refusing to timely comply with Plaintiff's requests for information that is required to be furnished to a plan participant under ERISA.

27. Plaintiff is entitled to $110 a day after 30 days from the date of Defendant's failure and refusal to comply with the Plaintiff's request for the long-term disability plan documents and such other relief as this Court deems proper, pursuant to Section 502(c)(1)(B) of ERISA, 29 U.S.C. §1132(c)(1)(B).

28. Plaintiff is entitled to the relief identified herein because:

a. the Plaintiff has requested from Defendant American Airlines long-term disability plan documents and other information relative to her claim;

b. Defendant American Airlines is required by Subchapter I of Title 29, Chapter 18 of the United States Code to furnish this information to a plan participant or beneficiary;

5

Defendant American Airlines has failed and refused to comply with Plaintiff's request for information until January 23, 2008 when documents were received by Plaintiff.

## VI. COUNT III – OTHER EQUITABLE RELIEF

Plaintiff incorporates the allegations contained in Paragraphs 1 through 28 as if fully stated herein and says further that:

29. To the extent that the Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, the Plaintiff is entitled to appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3)(B) including but not limited to prejudgment interest on past due disability benefits.

## VII.   COUNT IV: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 29 as if fully stated herein and says further that:

30. To the extent that the Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, the Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VIII. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 30 as if fully stated herein and says further that:

31. As a result of the acts and/or omissions of the Defendant as alleged herein, the Defendant owes Ms. Emery unpaid long-term disability benefits, plus interest and/or Ms. Emery is entitled to appropriate equitable relief as a result of the acts and/or omissions of the Defendant.

32. The Defendant is also liable for Ms. Emery's attorney's fees and the costs of litigation in an amount to be proven at trial.

33. Defendant is also liable to place Ms. Emery in the position she would have enjoyed under the plan had she not been wrongfully denied benefits by the Defendant.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kathy Emery, prays for a judgment against the Defendant for the relief as plead herein and for such other equitable relief as this Honorable Court deems just and proper.

Respectfully submitted,

EDWARD P. DABDOUB (FBN. 045685)
eddiedabdoub@bellsouth.net
WAGAR FEIT P.A.
3250 Mary Street, Suite 302
Coconut Grove, Fl 33133
Telephone (305) 443-7772
Facsimile (305) 443-1969
*Counsel for Plaintiff, Kathy Emery*

≈JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Kathy Emery

(b) County of Residence of First Listed Plaintiff: Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wagar Feit P.A. (305) 443-7772
3250 Mary St, Suite 302
Coconut Grove, FL 33133

**DEFENDANTS**
American Airlines, Inc

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 08cv22590 Hoeveler/Garber

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Re-filed- (see VI below)
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE _____     DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §1001, et. seq (ERISA)
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 9/15/08

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT _____    IFP _____

98140