UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22590-CIV-HOEVELER/GARBER

KATHY EMERY,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge William M. Hoeveler.  Pursuant to such reference, the Court has received the defendant American Airline, Inc.'s Motion to Compel Supplemental Responses to Defendant's Discovery [DE 15], plaintiff Kathy Emery's Motion for Protective Order [DE 16], defendant American Airlines, Inc.'s Motion for a Protective Order [DE 24], and the concomitant responses and replies.  The Court also held a hearing on the Motions on September 29, 2009.

On September 18, 2008, Plaintiff Kathy Emery filed this action against American Airlines under ERISA, 29 U.S.C. § 1132(a)(1)(B), which allows a participant in a plan governed by ERISA to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Specifically, Plaintiff alleges that Defendant terminated her long-term disability benefits in violation of ERISA.  Plaintiff also alleges that Defendant violated ERISA, 29 U.S.C. § 1132(c)(1)(B), by failing to timely comply with Plaintiff's request for the long-term disability plan documents.  In her Complaint, Plaintiff also requests attorney's fees and damages from the termination of benefits to

present. The Court notes that at the hearing, Plaintiff conceded that she cannot seek damages from the time of the termination of benefits to the present. Therefore, as discussed below, as far as the interrogatories and requests that would refer to this specific claim for damages, the Motion to Compel is DENIED.

The scope of permissible discovery under ERISA is at the heart of the issues in all of these motions. In ERISA cases, the evidence that courts consider depends on the standard of review. Here, both parties seem to agree, based on their respective motions and statements at the hearing, that the arbitrary and capricious standard applies. Therefore, when determining whether there was an ERISA violation, the Court is limited to the record before the administrator and "the facts as known to the administrator at the time the decision was made." *Glazer v. Reliance Standard Life Ins. Co.*, 524 F. 3d 1241, 1246 (11th Cir. 2008) (internal citations omitted). With this standard in mind, each motion will be discussed in turn.

## A. American Airline, Inc.'s Motion to Compel Supplemental Responses to Defendant's Discovery

Defendant moves to compel complete responses to its Interrogatories and Request for Production. Specifically, in its Motion, Defendant contends that the responses to Interrogatory Nos. 1-10 and Request Nos. 8, 17, 19-24 are deficient.

*Interrogatories*

Interrogatory Nos. 1 through 9 all ask about Plaintiff's "factual and legal basis" for various allegations in the complaint. Interrogatory No. 10 asks Plaintiff to identify the facts known to the witnesses identified in Plaintiff's Rule 26 Initial Disclosure. Plaintiff's Response states that an agreement has been reached as to Nos. 5 and 6, therefore, these need not be addressed. However,

Plaintiff shall provide Defendant with sufficient responses regarding the alleged company policy asked about in the interrogatories as well as a detailed explanation of Defendant's purported "extorting [of] favorable lump settlements." The remaining contested Interrogatories will be discussed in turn.

> **INTERROGATORY #1:**
> Identify with specificity the factual and legal basis that supports your contention in paragraph 8 of the Complaint the Plaintiff "has been unable to perform the duties as a cockpit crew member all times material to this claim; as she is disabled under the terms of the long-term plan."

Defendant contends that Plaintiff's response to this is unresponsive and evasive, and makes only vague references to documents contained in the administrative file. Because it is Plaintiff's allegation at issue in the Interrogatory, it is Plaintiff who is in the best position to specify which documents support her contention. Therefore, Plaintiff shall specify which records support her contention and what problems/diagnosis she has received treatment for. However, because Plaintiff has conceded that it is improper to seek damages from the time of termination, any documents that go beyond the time frame of when the benefits were terminated do not need to be produced.

> **INTERROGATORY #2:**
> Identify with specificity the factual and legal basis that supports your contention in paragraph 11 of the Complaint that Plaintiff "physicians have consistently communicated to the Defendant that Ms. Emery is totally disabled from performing her duties as a cockpit crew member."

Defendant contends that Plaintiff makes vague references to documents without providing a corresponding bates number. Plaintiff shall provide the appropriate bates number or date for any referenced documents if she has not already done so.

> **INTERROGATORY #3:**
> Identify with specificity the factual and legal basis that supports your contention in paragraph 18 of the Complaint that American "employed a tactic of evaluating claimants' illnesses disjointedly, consciously ignoring the co-morbidity of claimants' diseases in order to avoid payment of disability of benefits."

3

Plaintiff's response to this interrogatory adequately addresses the allegation as related to Plaintiff. However, if Plaintiff is referring to Defendant's tactic of evaluating claims as related to other "claimants," the response falls short. Therefore, Plaintiff shall respond to this interrogatory regarding other claimants.

**INTERROGATORY #4:**
Identify with specificity the factual and legal basis that supports your contention in paragraph 19 of the Complaint that American "deemphasized or ignore the consistent opinions or reports of Ms. Emery's treating physicians favoring her claim for disability benefits, including Dr. Suarez, and instead emphasized one false and unreliable medical report by its medical evaluator favoring a conclusion to the contrary."

The Court finds that Plaintiff's response is sufficient.

**INTERROGATORY #7:**
Identify with specificity the factual and legal basis that supports your contention in paragraph 22 of the Complaint that "in denying the Plaintiffs claim, the Defendant is guilty of bad faith, has been stubbornly litigious, and has caused the Plaintiff unnecessary trouble, expense, and emotional distress."

and

**INTERROGATORY #8:**
Identify with specificity the factual and legal basis that supports your contention in paragraph 22 of the Complaint that American's actions were "intentional, willful, malicious, in bad faith, and reflect an entire want of care, which raises the presumption of conscience indifference to the consequences of the acts of the Defendant."

The Plaintiff shall identify the reasons and facts that the allegations of bad faith are based upon.

**INTERROGATORY #9:**
Identify with specificity the factual and legal basis that supports your contention in paragraph 22 of the Complaint that American had an "inherent conflict of interest."

The Plaintiff shall elaborate on the underlying reasons for asserting this allegation.

4

**INTERROGATORY #10:**
For each witness identified in the Plaintiffs Rule 26 Initial Disclosure identify with specificity each and every fact or any other information in any way relating to Plaintiffs claims of which each witness has knowledge.

Plaintiff shall respond to this interrogatory as Plaintiff has identified these individuals as having discoverable information.

*Request for Production*

Defendant moves to compel complete responses to Request Nos. 8, 17, 19-24. Plaintiff bases her objections to Defendant's requests on the scope of discovery permitted in an ERISA action. In addition, Plaintiff has not provided a privilege log for Request Nos. 24-26, wherein Plaintiff asserts privilege. Plaintiff shall provide a privilege log for any responses in which privilege is asserted and in conformity with the Courts orders as discussed below.

The Court finds that Request 8, 20-22 are irrelevant as these documents fall outside of the claims file and because Plaintiff has conceded that it cannot pursue damages from the time of the termination of benefits to the present. Request No. 8 is discussed below. Request Nos. 20-22 all concern the Plaintiff's employment or attempts to find employment since March 2003 and Plaintiff's sources of income since 2003. Plaintiff's outside employment and income are irrelevant to the issues in this lawsuit. The remaining Requests will be discussed in turn.

**REQUEST FOR PRODUCTION #8:**
All documents or electronically stored information reflecting or relating to the allegations in paragraph 9 of the Complaint the Plaintiff "has been disabled by the Social Security Administration and receives Social Security Disability Income Benefits."

Though this is alleged in the Complaint, it is outside the administrative record and is therefore irrelevant to Plaintiff's cause of action. Eleventh Circuit case law is clear on this issue. In *Menard*

5

*v. Hartford Life and Acc. Ins. Co.*, the court reversed a district court decision in a similar case because it relied upon Social Security Administration documents that were outside of the administrative record. 260 Fed. Appx. 205, 206 (11th Cir. 2007). Accordingly, the Court finds that this request is improper.

> **REQUEST FOR PRODUCTION #17:**
> All documents or electronically stored information reflecting or relating to the allegations in paragraph 22 of the Complaint that American had an "inherent conflict of interest."

In an ERISA action with an arbitrary and capricious standard of review, courts in the Eleventh Circuit have allowed discovery regarding an alleged conflict of interest. *See, e.g., Lelu v. Hartford Life and Accident Ins. Co.*, 626 F. Supp. 2d 1229, 1231 (M.D. Fla. 2009); *Cerrito v. Liberty Life Assurance Co.,* 209 F.R.D. 663, 664 (M.D. Fla.2002). While the issue commonly arises due to a request that a Plaintiff makes, the Court sees no reason to bar discovery where a conflict of interest has been alleged. Accordingly, Plaintiff's objection is overruled, and Plaintiff shall provide the appropriate documents or specify those which Plaintiff claims are in Defendant's control.

> **REQUEST FOR PRODUCTION #19:**
> All documents or electronically stored information reflecting or relating to any damages sought by Plaintiff.

The Court notes that Plaintiff provided only a narrative answer to this request and did not raise any objections. However, because the damages from the time of termination until the present are not at issue, the remaining damages are either statutory in nature or are in the possession of Defendant, who would have documents pertaining to the payment of benefits.

> **REQUEST FOR PRODUCTION #23:**
> All documents or electronically stored information that Plaintiff contends may constitute an admission or statement against interest by American.

In addition to her objections, discussed above, Plaintiff objects to this request as vague and ambiguous. The Court overrules these objections. Accordingly, Plaintiff shall provide the appropriate documents.

**REQUEST FOR PRODUCTION #24:**
The retainer agreement, engagement letter, and all documents or electronically stored information reflecting or relating-to-the-fee-arrangement between Plaintiff and her attorneys, the hourly rate charged by her attorneys, the hours expended by her attorneys to date on this action, and the amounts Plaintiff has paid to her attorneys to date.

In her Complaint, Plaintiff requests attorney's fees. This request is not relevant at this time. Should Plaintiff prevail, she will presumably file the appropriate motions and accompanying documents to recover attorney's fees. Accordingly, Defendant has leave to refile a motion for this request at the appropriate time should it become necessary. It is hereby

ORDERED that American Airline, Inc.'s Motion to Compel Supplemental Responses to Defendant's Discovery is GRANTED in part and DENIED in part, as discussed above.

**B. Kathy Emery's Motion for Protective Order**

Plaintiff has moved for a protective order to bar Defendant from taking the deposition of Plaintiff. Plaintiff contends that her deposition goes beyond the permissible scope of discovery and that her deposition is impermissible. Defendant once again asserts that it is entitled to take discovery from Plaintiff into her factual and legal claims as set forth in her Complaint. However, any information offered by the Plaintiff at deposition clearly goes beyond the claims file or information known to the administrator. The focus of the determination of an ERISA violation under 29 U.S.C. § 1132(a)(1)(B) is on the information known to the administrator, not the beneficiary. *See Glazer*, 524 F. 3d at 1246.

However, Count II of the Complaint alleges a violation of Section 502(c)(1) of ERISA, for failing to timely provide plan documents pursuant to Plaintiff's request. When determining whether to award statutory penalties, prejudice to the beneficiary is a factor that courts can consider, though the intent of the statute is to punish the violator, rather than to compensate the beneficiary. *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1271 (11th Cir. 2008); *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1232 (11th Cir. 2002). Because the Court may consider prejudice, it is proper to allow a deposition on the limited subject of prejudice resulting from the delay in receiving the plan documents. Accordingly, it is hereby

ORDERED that Kathy Emery's Motion for Protective Order is GRANTED in part and DENIED in part. The deposition shall be limited to the sole topic of prejudice resulting from a delay in receiving the requested documents.

### C. Defendant's Motion for Protective Order Barring the Depositions of Defendant's Employees Jameson, Teklitz, and Bettes

Plaintiff seeks to take the depositions of (1) Deborah Jemison, the recording secretary for the Pension Benefits Administration Committee; (2) Dr. Thomas Bettes, who made the initial decision to terminate benefits; and (3) Charlotte Telkitz, the delegated decision maker with respect to the final decision to terminate benefits upon Plaintiff's appeal of that decision. In its motion, Defendant asserts that a protective order is proper because Plaintiff is only entitled to discovery of the administrative record. Plaintiff contends that the depositions of these employees are necessary because the claims file is incomplete and that Defendant purposely omitted certain documents and databases from the file.

In ERISA cases involving the arbitrary and capricious standard of review, Plaintiffs are entitled to discovery to evaluate the following:

> (1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) to determine whether a conflict of interest existed.

*Cerrito v. Liberty Life Assurance Co.,* 209 F.R.D. 663, 664 (M.D.Fla.2002). Therefore, any depositions shall be limited to those topics. Accordingly, it is hereby

ORDERED that American Airline, Inc.'s Motion for the Protective Order is GRANTED in part and DENIED in part. The depositions shall limited in scope to the topics set forth in *Cerrito v. Liberty Life Assurance Co.,* 209 F.R.D. 663, 664 (M.D.Fla.2002).

DONE AND ORDERED in Chambers at Miami, Florida this 18th day of November 2009.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE