UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22590-CIV-HOEVELER/GARBER

KATHY EMERY,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.
_____/

## **ORDER**

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge William M. Hoeveler.  Pursuant to such reference, the Court has received plaintiff Kathy Emery's Motion to Compel Discovery [DE 48] and the defendant American Airline, Inc.'s Motion for Clarification, or Alternatively, Reconsideration of the Court's November 18, 2009 Order [DE 62], as well as the concomitant Responses and Replies.  The Court also held a hearing on January 21, 2010.

This is an action under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), to recover benefits from American Airlines.  Like the previous motions in this case, these Motions focus on the scope of discovery under ERISA.  More specifically, at issue is whether discovery regarding the initial decision to deny benefits is permissible.  The parties agree that the arbitrary and capricious standard applies.  Therefore, in determining the claim, the Court is limited to review of the facts as known to the administrator at the time the decision was made.

**1. Plaintiff's Motion to Compel**

This Motion requests responses to many requests for production and interrogatories.  Emery is basically seeking the entire claim file; information relating to facts known to the Defendant which

are not reflected in the claim file; documents that Plaintiff claims are permissible under the Statute (e.g. policy manuals and handbooks); documents that would help evaluate the competency of the fiduciary; and information that relates to bias and conflict of interest of Western Medical Evaluators, the independent evaluator, and American Airlines.

Defendant argues that Plaintiff is overstepping the bounds of permissible discovery in ERISA cases and that the entire claim file is not discoverable, only the "administrative record." Defendant contends that it has produced the same documentation that was submitted to the Pension Benefits Administration Committee ("PBAC") for her appeal, and should not be required to produce documents beyond that. Also, Defendant claims that many of the requests relate to the initial decision to terminate benefits, and are therefore irrelevant because the only decision that is relevant is the final decision.

The regulation provides the following: "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii).[1] The plain language of the regulation appears to permit claimants to discover the entire claim file. In *Glazer v. Reliance Standard Life Ins. Co.* the claimant alleged that she did not receive a full and fair review because she did not receive a copy of the report produced by the doctor who conducted the final review of her

---

[1] The regulation defines a document, record, or other information as "relevant" if it "(i) Was relied upon in making the benefit determination; (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or (iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8).

claim during the pendency of the review of her initial denial of benefits. 524 F.3d 1241, 1245 (11th Cir. 2008). In concluding that she was entitled to the report only after the final decision was reached, the court stated, "After [the insurance company] reached its final decision, all relevant documents generated during the review and initial claim determination had to be produced to the claimant." *Id*.

Though the plaintiff in *Glazer* alleged that she was denied a full and fair review, American Airlines is still obligated pursuant to ERISA to produce these documents, which include documents regarding the initial determination. Whether these documents will be admissible as evidence is not at issue at this time. As one court deciding an ERISA action noted, "the decision to allow discovery is distinct from the decision as to whether to allow consideration of additional evidence." *Burgio v. Prudential Life Ins. Co. of America*, 253 F.R.D. 219, 229 (E.D.N.Y. 2008) (internal citations and quotations admitted). Therefore, the Court sees no reason to deprive Emery discovery of the claim file. Furthermore, the regulations also dictate that American Airlines must respond to Request Nos. 5 and 6, asking for all relevant documents as defined by 29 C.F.R. § 2560.503-1(m)(8)(i)-(ii) and any notes, files, logs or diaries generated in the handling of Emery's claim. The same holds true for Interrogatory No. 5, asking for the identity of all medical or vocational experts who rendered a report or opinion. 29 C.F.R. § 2560.503-1(h)(3)(iv).

Moreover, to the extent that facts known to the administrator are not in the claim file, discovery is permissible to determine (1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) to determine whether a conflict of interest existed. *Cerrito v. Liberty Life Assurance Co.,* 209 F.R.D. 663, 664 (M.D. Fla.2002). This

also includes discovery to determine "whether the record is complete." *Glennon v. Prudential Ins. Co. of America,* Case No. 09-CV-2325-CAP, 2009 WL 4405755, at *1 (N.D. Ga. Dec. 2, 2009). Therefore, though the Court will only review the final determination of benefits, discovery regarding the remainder of the benefits claim process is not entirely foreclosed as it could lead to information regarding these areas.

Request Nos. 1 and 3 and Interrogatory Nos. 7, 8, 9, 12 basically ask for claims manuals, procedures, guidelines, and handbooks used for assessing the claim or relating to safeguards for following plan procedures and reducing bias. All would assist the Court in showing whether proper procedures were followed with regard to compiling the record and as well as to determine the accuracy of Emery's claim evaluation. *Grams v. American Medical Instruments Holdings Long Term Disability Plan, et al.*, Case No. 08-cv-1060-J-12MCR, 2009 WL 2926844, at *3 (M.D. Fla. Sept. 14, 2009) (allowing discovery relating to the evaluation of claims guidelines).

Request Nos. 10 and 11 ask for any and all information "showing management checks that penalize inaccurate decision making" and documents "that show active steps taken to reduce potential bias and to promote accuracy," respectively. To the extent American has guidelines in place to promote accuracy or quality control, these Requests are duplicative of Request No. 1. Furthermore, if Plaintiff is asking American to review every one of its files for information "showing management checks" or "steps taken to reduce bias," this is a task that is overly burdensome. If any documents exist that are related specifically to Emery's claim, American shall produce those.

Request Nos. 21 and 22 relate to bias and conflict of interest. It is well established that conflict of interest is one factor that courts consider in deciding an ERISA case. *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2348-52 (2008). The significance of the factor is dependent on the particular case. *Id*. at 2350-52. Therefore, if a conflict exists, whether it be inherent or otherwise,

it is weighed in accordance to the extent of the conflict. Emery is requesting statistical information regarding the allowance or denial of claims by Western Medical Evaluators and Dr. Grant, who worked on behalf of American Airlines. "Evidence of high rates of benefit denials or terminations reasonably could lead to the discovery of admissible evidence." *Hogan-Cross v. Metropolitan Life Insurance Co.*, 568 F.Supp.2d 410, 414 (S.D.N.Y. 2008) (allowing discovery relating to approval and termination rates of long term disability claims). Accordingly, these requests are proper.

Request Nos. 13, 16, and 18, and Interrogatory Nos. 18, 21, 23 all relate to information that individuals involved in the appeal would have either generated, relied upon, or have knowledge of. These are the types of requests that are contemplated by *Cerrito* and the cases that followed. Responses to these may reasonably lead to the discovery of information that is related to the areas discussed above.

Interrogatory Nos. 3 and 4 ask about the specific basis for initially approving Emery's claim for benefits and the specific basis for terminating her claim and then denying her appeal, respectively. Interrogatory No. 17 asks if Emery's claim was denied, in whole or in part, because Emery wantonly disregarded appropriate medical care. American Airlines's primary objection is that the Interrogatories are beyond the scope of permissible discovery and are irrelevant because they concern the initial determination. Emery contends that the claims file lacks information regarding Interrogatory Nos. 3 and 4. In order to determine whether the record is complete, responses are necessary. However, in responding to Interrogatory No. 4, American Airlines referred Emery to many documents that have previously been produced. The Court finds that this response is sufficient. To the extent that Interrogatory No. 17 is not addressed in the response to No. 4, Defendant shall respond to No. 17.

Interrogatory Nos. 10 and 11 ask about Defendant's attempts to contact Emery's treating

physicians and Emery, respectively. Emery has attached a letter that Defendant sent to the Pension Plan Administration stating that it wrote to Emery requesting medical information pertaining to the continuation of long-term benefits and that due to lack of substantiation of a disability, the benefits will terminate. Emery claims that the record is incomplete with regard to the reason given in the letter for terminating benefits at that time. In order to determine whether the record was complete, Defendant shall respond to these Interrogatories.

Interrogatory No. 15 asks for details regarding any changes in Emery's medical condition/treatment that were known to American Airlines to have occurred between March 2003 and October 22, 2007. It appears to the Court that this information would have been known to the PBAC when reviewing Emery's claim. Therefore, to the extent this information was known to the PBAC, American Airlines shall respond.

Interrogatory No. 20 asks about whether the benefit plans were underfunded on or around December 31, 2005. Emery's benefits were terminated in 2007. Therefore, 2005 is not the relevant time period. Accordingly, Defendant's objection is sustained.

**2. Defendant's Motion for Clarification or Alternatively, Reconsideration of the Court's November 18, 2009 Order**

Defendant had filed a Motion for Protective Order which the Court granted in part and denied in part on November 18, 2009. Plaintiff noticed the following three depositions: of Deborah Jemison, the recording secretary for the Pension Benefits Administration Committee of Dr. Thomas Bettes, who made the initial decision to terminate benefits, and Charlotte Telkitz, the delegated decision maker with respect to the final decision to terminate benefits upon Plaintiff's appeal of that decision. Defendant sought a protective order based on the proposition that no discovery should be permitted outside of the administrative record.

The Order stated that the depositions could take place, but limited them to the following topics: (1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) to determine whether a conflict of interest existed.

The parties disagree about the Order with respect to Dr. Thomas Bettes, the physician who made the initial decision to terminate benefits. American Airlines claims that he does not have personal information regarding any of the deposition topics because the decision at issue in this lawsuit is the final decision to terminate benefits, not the initial decision. According to American Airlines, Dr. Bettes had no role in the final decision to deny Plaintiff's appeal. American Airlines also contends that Dr. Bettes is not a "fiduciary" or "plan administrator" as defined by the plan. The plan defines fiduciaries to include "(a) the Company [defined as American Airlines]; (b) the Administrator [defined as the Company]; and (c) the Pension Benefits Committee." DE 67 at 2 (quoting Article XIII of the Plan). American Airlines contends that Dr. Bettes's testimony would be irrelevant, and, as an out-of-state deposition, would unnecessarily increase time and expenses.

Emery argues that Dr. Bettes acted on behalf of the Company and is therefore, a plan administrator and fiduciary. Bettes signed the letter that initially denied the benefits. Emery also submitted a report and recommendation from the Middle District of Pennsylvania as an exhibit where the court considered Dr. Bettes's deposition testimony from that lawsuit in making its decision as further evidence that the deposition is proper. American Airlines stated at the hearing that it had not contested that deposition and the circumstances surrounding it were different than in the instant case.

The facts necessary to prove who is a fiduciary under the plan are the same as the facts needed to prove who is a plan administrator. *Hamilton v. Allen-Bradley Co., Inc*. 244 F.3d 819, 826 (11th Cir. 2001). "ERISA defines a fiduciary with respect to the plan as someone who has any discretionary authority over the administration of the plan." *Id*. American Airlines's contention that Dr. Bettes is not a fiduciary or plan administrator is belied by the fact that he signed a letter on behalf of the Company terminating Emery's benefits.

The Court's previous Order was not in any way ambiguous. It specifically allowed for the deposition of Dr. Bettes. If Dr. Bettes does not have information regarding the final decision, he can testify to such at the deposition, however, he may have other knowledge that is not found in the record (e.g., regarding a conflict of interest or bias). Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Compel is GRANTED in part and DENIED in part as set forth above. It is further

ORDERED that Defendant's Motion for Clarification is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 4th day of February 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE